UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| FEDERATED MUTUAL INSURANCE COMPANY, as subrogee of BELLMAN OIL CO., and B & B TRANSPORT, INC., | )<br>)<br>) |
| Plaintiff, | )<br>)<br>) CASE NO.: 3:20-cv-00960-DRL-MGG |
| vs. | )<br>) |
| KOSCIUSKO COUNTY, INDIANA, KOSCIUSKO COUNTY HIGHWAY DEPARTMENT, and PHEND & BROWN, INC., | )<br>)<br>)<br>) |
| Defendants. | ) |
| PHEND & BROWN, INC., | )<br>) |
| Counterclaim Plaintiff, | )<br>) |
| vs. | )<br>) |
| BELLMAN OIL COMPANY, INC., and B&B TRANSPORT, INC., | )<br>)<br>) |
| Counterclaim Defendants, | ) |

**DEFENDANT/COUNTERCLAIM PLAINTIFF PHEND & BROWN, INC.'S RESPONSE TO FEDERATED MUTUAL INSURANCE COMPANY'S MOTION TO STRIKE**

Defendant/Counterclaim Plaintiff, Phend & Brown, Inc., (hereinafter "Phend"), per N.E. Ind. L.R. 7-1(d) and (e), respectfully submits its Response to Federated Mutual Insurance Company's Motion to Strike. In support of said Response, Phend states as follows:

1. Federated Mutual Insurance Company, as subrogee of Bellman Oil Company, Inc., and B&B Transport, Inc. (hereinafter "Federated Mutual"), filed its Complaint against Phend on or about November 13, 2020. (*See* Filing 1, at ¶ 4).

2. Phend filed its Answer to Federated Mutual's Complaint on January 7, 2021. (*See* Filing 21).

3. On or about January 20, 2021, Phend filed Defendant Phend & Brown's Amended Answer to Plaintiff's Complaint and Counterclaim (hereinafter "Counterclaim"). (*See* Filing 26).

4. Twenty-one (21) days later, on February 10, 2021, Federated Mutual filed Federated Mutual Insurance Company's Motion to Strike Phend & Brown, Inc.'s Counterclaim within Its Amended Answer (hereinafter "Motion to Strike"). (*See* filing 28).

5. Federated Mutual's Motion to Strike is grounded in Federal Rule of Civil Procedure 12(f). (*See Id.*)[1]

6. Per Rule 12(f), "[t]he Court may strike from a pleading an insufficient defense or any redundant, immaterial, important, or scandalous matter." Fed. R. Civ. P. 12.

7. Federated Mutual claims grounds to strike Phend's Counterclaim because Phend waged the same against Bellman Oil Co., Inc. (hereinafter "Bellman") and B & B Transport, Inc. (hereinafter "B & B Transport"), naming each entity directly. (*See* Filing 29, ¶¶ 5-6).

8. This argument is futile, as Federated Mutual is the subrogee of Bellman and B & B Transport, both of which are specifically named in the caption with Federated Mutual.

9. Regardless of the circumstance or theory of recovery, one who acquires or succeeds to rights, claims, or securities through subrogation "steps into the shoes" of the subrogor and takes them burdened with the defenses, limitations, and disqualifications to which they are subject. *See Bank of New York v. Nally*, 820 N.E.2d 644, 652 (Ind. Ct. App.

---

[1] The Motion to Strike also lists Federal Rule of Civil Procedure 13; however, the language of that Rule does not pertain to a defense or objection that would substantiate a motion to strike.

2005) (citing 83 C.J.S. *Subrogation* § 66 (2000)); *see also In re Frescati Shipping Company, LTD.*, 886 F.3d 291, 309 (3rd Cir. 2018).

10. "The subrogee, having stepped into the shoes of the subrogor, is entitled to assert all of the subrogor's rights and claims against the responsible third party. Likewise, the third party—now defending an action brought by the subrogee—is entitled to assert every defense it otherwise could have raised against the subrogor." *In re Frescati Shipping Company, LTD.*, 886 F.3d at 309.

11. A third-party's liability cannot be greater than it would have been to the subrogor. *Id.* (citing Restatement (Third) of Restitution & Unjust Enrichment § 24).

12. Phend does not have a specific claim against Federated Mutual. Its theory of recovery is against the subrogor, Bellman and B & B Transport, whose rights and responsibilities Federated Mutual assumed.

13. In particular, Bellman and B & B Transport are liable for the acts or omissions of Roger L. Reeder, per the doctrine of respondeat superior. (*See* Filing 26, ¶¶ 1-3).

14. Therefore, the fact Phend did not specifically name Federated Mutual is a misguided position, as Bellman and B & B Transport are the reason for the Counterclaim. As the subrogee of said interested parties, any liability for the Counterclaim is affixed to and asserted against Federated Mutual, based on the Plaintiff/Counterclaim Defendant's assumption of Bellman and B & B Transport's rights. Federated Mutual has "stepped into the shoes" of Bellman and B & B Transport.

15. Moreover, Federated Mutual raises an objection based on Federal Rule of Civil Procedure (8)(a)(1). This court's jurisdiction has already been established in this case;

3

therefore, a "short and plain statement of the grounds for the court's jurisdiction" appears redundant and unnecessary.

WHEREFORE, Federated Mutual's Motion to Strike lacks merit and must be denied by this Court, and for all other relief just and proper.

Respectfully submitted,

SCHULTZ & POGUE, LLP

By: */s/ Thomas R. Schultz*
Thomas R. Schultz, #11670-49
tschultz@schultzpoguelaw.com
Jon L. Bucher, #32525-49
Jbucher@schultzpoguelaw.com
520 Indiana Avenue
Indianapolis, IN 46202
Attorneys for Defendant/ Counterclaim Plaintiff
Phend & Brown, Inc.

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 19, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's CM/ECF system.

Daniel J. Curtin
Danny Merrill Newman, Jr.
REMINGER CO, LPA
2100 N. Main Street, #202
Crown Point, IN 46307

James S. Stephenson
Joseph M. Hendel
STEPHENSON MOROW & SEMLER
3077 East 98th St., Suite 240
Indianapolis, IN 46280

                                                                 */s/ Thomas R. Schultz*

SCHULTZ & POGUE, LLP
520 Indiana Avenue
Indianapolis, IN 46202
317-262-1000
Fax: 317-262-9000
tschultz@schultzpoguelaw.com