UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| FEDERATED MUTUAL INSURANCE COMPANY, as subrogee of BELLMAN OIL CO., INC. and B & B TRANSPORT INC., <br><br> Plaintiff, <br><br> v. <br><br> KOSCIUSKO COUNTY, INDIANA, KOSCIUSKO COUNTY HIGHWAY DEPARTMENT, and PHEND & BROWN, INC., <br><br> Defendants. | CASE NO.: 3:20-CV-960 DRL-MGG |

OPINION & ORDER

Federated Mutual Insurance Company, as subrogee of Bellman Oil Company, Inc. and B & B Transport, Inc., filed this negligence action against Kosciusko County, Indiana, the Kosciusko County Highway Department, and Phend & Brown, Inc., alleging that their conduct and omissions in the construction and maintenance of a county highway caused a semi-tractor trailer, owned by the subrogors, to roll approximately four times with ethanol fuel and burst into flames.

In its amended answer, Phend & Brown filed a counterclaim against Bellman and B & B. FMIC moved to strike it, contending that its subrogors were not expressly named as plaintiffs in the complaint and thus neither entity was an "opposing party" under Federal Rule of Civil Procedure 13. Because Phend & Brown may (and does) assert the substance of its counterclaim as a defense and the subrogors are not opposing parties, the court grants the motion to strike.

BACKGROUND

FMIC is a Minnesota-based insurance company and subrogated to the rights of Bellman and B & B. A subrogee is usually the insurance company that has insured the parties whose expenses were

paid, as here. On November 13, 2020, FMIC filed this negligence action against Kosciusko County, the Kosciusko County Highway Department, and Phend & Brown, a public works contractor.

FMIC alleges that on October 3, 2019, Roger L. Reed—an employee or agent of B & B or Bellman, or both—drove a semi-tractor towing a trailer carrying 7,800 gallons of ethanol fuel. While Mr. Reed was heading northbound on County Road 800 West, a two-lane highway with no shoulder, one or more of the tires on the tractor-trailer went off the right edge of the highway. As Mr. Reed attempted to reenter the highway, the pavement edge drop-off of approximately 8" to 9" allegedly caused the semi-tractor trailer to roll approximately four times and become engulfed in flames. FMIC asserts that the defendants' actions and omissions in constructing and maintaining the highway resulted in damages, including the "total loss" of the semi-tractor trailer and costs associated with the subsequent environmental cleanup of spilled ethanol.

On January 20, 2021, Phend & Brown filed an amended answer, purporting to include a counterclaim that presents a competing view on who bears responsibility for the incident and property damage. Phend & Brown says non-parties B & B and Bellman, under the doctrine of *respondeat superior*, are liable for Mr. Reed's negligence in operating the semi-tractor trailer. Phend & Brown says it incurred $22,700 in damages by having to perform repairs to the road and surrounding property. FMIC moved to strike Phend & Brown's counterclaim, primarily contending that the subrogors are not "opposing parties" under Federal Rule of Civil Procedure 13.

## STANDARD

Under Rule 12(f), the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Counterclaims or other matter may be stricken "only when they are insufficient on the face of the pleadings." *Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (quoting *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989)). Motions to strike are generally disfavored, but when striking

portions of a pleading "remove[s] unnecessary clutter from the case," the motion may "serve to expedite, not delay." *Heller Fin.*, 883 F.2d at 1294. Ultimately, whether to strike material under Rule 12(f) is within the court's sound discretion. *See Delta Consulting Group, Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009); *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992).

DISCUSSION

FMIC argues three procedural deficiencies in Phend & Brown's amended answer and counterclaim: (1) that it lacks a named "opposing party," *see* Fed. R. Civ. P. 13; (2) that it fails to restate verbatim the paragraphs of the complaint in answering, *see* N.D. Ind. L.R. 10-1(a); and (3) that it lacks a jurisdictional statement to support the addition of the subrogors, *see* Fed. R. Civ. P. 8(a)(1).

Rule 13 requires a counterclaim, whether compulsory or permissive, to be brought against at least one "opposing party." Fed. R. Civ. P. 13(a, b); *see Norfolk S. Ry. Co. v. Smock, Inc.*, 2020 U.S. Dist. LEXIS 101199, 5-6 (N.D. Ind. June 9, 2020). Phend & Brown never expressly named FMIC in its counterclaim. In response, Phend & Brown contends that the subrogors nonetheless are opposing parties for the purpose of Rule 13 because FMIC "step[ped] in the shoes" of the subrogors. Citing *Bank of New York v. Nally*, 820 N.E.2d 644, 652 (Ind. 2005); 83 C.J.S. Subrogation § 66 (2000); and *In re Frescati Shipping Co., Ltd.*, 886 F.3d 291, 309 (3rd Cir. 2018), the contractor says FMIC, "having stepped into the shoes of the subrogor, is entitled to assert all of the subrogor's rights and claims against the responsible third party. Likewise, the third party—now defending an action brought by the subrogee—is entitled to assert every defense it otherwise could have raised against the subrogor."

The court agrees that FMIC has stepped into the shoes of Bellman and B & B. After all, subrogation is the "substitution of one person in the place of another with reference to a lawful claim . . . so that he who is substituted succeeds to the rights of the other in relation to the . . . claim, and its rights, remedies, or securities." *Employers Insurance. of Wausau v. James McHugh Constr. Co.*, 144 F.3d 1097, 1105 (7th Cir. 1998). But Phend & Brown hasn't sued FMIC, or FMIC as subrogee to Bellman

3

and B & B. It has sued Bellman and B & B, but not an opposing party. *See* Fed. R. Civ. P. 13(a, b); *Norfolk S. Ry.*, 2020 U.S. Dist. LEXIS 101199 at 5-6. Subrogation confers rights, not identities to be declared "parties."[1]

It likewise makes little sense to join Bellman and B & B as third-party defendants because Phend & Brown's claims may be treated instead as defenses to FMIC's claims. *See Farmers Mut. Ins. Co. v. Stove Builder Int'l, Inc.*, 2019 U.S. Dist. LEXIS 48103, 4 (E.D. Ky. Feb. 11, 2019), *report and recommendation adopted*, 2019 U.S. Dist. LEXIS 46993 (E.D. Ky. Mar. 21, 2019) ("a third-party complaint is not appropriate here, in circumstances of a subrogation claim, where [plaintiff] stands in the shoes of the proposed third-party defendants"); *Travelers Cas. & Sur. Co. v. Wash. Trust Bank*, 2014 U.S. Dist. LEXIS 123582, 8 (E.D. Wash. Sept. 3, 2014) (dismissing third-party complaint against subrogor and noting that the third party's arguments were adequately raised against the subrogee as affirmative defenses); *Am. Fire & Cas. Co. v. Material Handling Supply,* 2007 U.S. Dist. LEXIS 31574, 8 (D.N.J. Apr. 27, 2007), *affirmed*, 2007 U.S. Dist. LEXIS 60786 (D.N.J. Aug. 16, 2007) ("the presence of the subrogors in the case as third party defendants, would serve no legal purpose or be of any legal benefit to [the third-party plaintiff.]" (internal quotations omitted)). Phend & Brown has already raised these allegations as a defense against FMIC (ECF 26 at 4), though it may have others in light of this ruling.

FMIC also raises two additional procedural challenges. First, it contends that Phend & Brown violated this district's rules by failing to restate verbatim the paragraphs to which its answer responds. Local Rule 10 requires that "[r]esponsive pleadings under Fed. R. Civ. P. 7(a) must: (1) restate verbatim the paragraphs from the pleading they respond to; and (2) immediately following each restated paragraph, state the response to that paragraph." *See* N.D. Ind. L.R. 10-1(a). Phend & Brown did not follow this rule. Although refiling an amended answer may be inefficient, *see, e.g., Lahr v. Brigadoon Fin.,*

---

[1] Because Phend & Brown hasn't named an opposing party in its counterclaim, the court needn't discuss Rule 13(h). *See Norfolk S. Ry. Co.*, 2020 U.S. Dist. LEXIS 101199 at 6-7.

*Inc.*, 2015 U.S. Dist. LEXIS 120270, 11 (N.D. Ind. Sept. 9, 2015) (Collins, J.), the court recognizes that there may be value in ensuring that Phend & Brown has the opportunity to supplement its amended answer or defenses in light of this ruling.

Finally, FMIC argues that the amended answer lacks allegations pertaining to subject matter jurisdiction. This issue is moot. Because there is no counterclaim, Phend & Brown needn't amend its answer to add this statement, even if one were needed in light of the original complaint's jurisdictional support. *See* Fed. R. Civ. P. 8(a)(1) (requiring "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support").

## CONCLUSION

For these reasons, the court GRANTS FMIC's motion to strike (ECF 28), STRIKES the counterclaim, and ORDERS Phend & Brown to file, on or before May 24, 2021, a rule-compliant amended answer that includes any appropriate defenses in light of this ruling.

SO ORDERED.

May 10, 2021              *s/ Damon R. Leichty*
                          Judge, United States District Court